HJK.2320

#28829

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAIME DAVIDSON, M.D., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| METROPOLITAN LIFE INSURANCE | § | |
| COMPANY D/B/A "METLIFE" AS | § | |
| ADMINISTRATIVE AGENT OF THE | § | CAUSE NO. _____ |
| DISABILITY INCOME INSURANCE | § | |
| BUSINESS OF ALLMERICA | § | |
| FINANCIAL LIFE INSURANCE AND | § | 3-09CV0281-G |
| ANNUITY COMPANY, | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB 1 2 2009
CLERK, U.S. DISTRICT COURT
By _____ Deputy

## PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Jaime Davidson, M.D., referred to below at times as "Plaintiff", complaining of Metropolitan Life Insurance Company d/b/a "MetLife" as Administrative Agent of the Disability Income Insurance Business of Allmerica Financial Life Insurance and Annuity Company, referred to below at times as "Defendant", and would respectfully show the following:

### I.

### PARTIES

1.  Plaintiff is an individual who was and is domiciled in Dallas County, Texas during the time periods at issue. **Plaintiff demands a trial by jury**.

2.  Defendant MetLife is organized to do business under the laws of the State of New York. This Defendant has its principal office in New York or Florida. This Defendant does

business in the state of Texas, including Dallas County, Texas, and has minimum contacts with the State of Texas such that this Court's exercise of jurisdiction over it will not offend traditional notions of fair play or substantial justice. This Defendant can be served with process by serving its officer at One Madison Avenue, New York, NY 10010.

## II.

## JURISDICTION AND VENUE

3. Jurisdiction and venue are proper in this District Court for the Northern District of Texas pursuant to 28 U.S.C. §1332(a), as this suit involves a controversy between parties of diverse citizenship, and the amount in controversy exceeds the sum of $75,000.00 (excluding interest and costs). Plaintiff would show this Court that the parties in this proceeding are completely diverse. Venue is proper in this United States District Court for the Northern District of Texas because all or a substantial part of the claims set forth below occurred in the Northern District of Texas and because the Defendant is subject to personal jurisdiction in the Northern District of Texas at the time of the commencement of this action. Venue is also proper in this District Court in that the policy at issue and the Rider at issue were procured in the Northern District of Dallas County, Texas.

## III.

## BACKGROUND FACTS

4. Many years ago the Plaintiff purchased an individual disability income policy with Allmerica Financial Life Insurance and Annuity Company (Policy No. S 059 757-400, referenced to below as the "Policy"). The Defendant acts as the Administrative Agent for the Disability Insurance Business of Allmerica Financial Life Insurance and Annuity Company.

5. The Plaintiff paid premiums on the Policy for many years.

6. Unfortunately, Dr. Davidson was diagnosed with advanced stage Hodgkin's disease in late 2004 after a febrile illness and loss of stamina. He developed severe bleomycin lung injury and had respiratory failure. In the midst of chemotherapy he experienced several episodes where he fell and was diagnosed with severe neuropathy secondary to his chemotherapy. He suffered foot drop, numbness, and weakness in his lower and upper extremities. The problem with his lower extremities worsened and persisted over time. Rehabilitation did not improve his condition. Today, the Plaintiff continues to suffer from severe foot drop in both extremities, which is notably worse in his right foot. According to the Plaintiff's treating physician, Dr. Davidson is precluded from resuming his office and hospital practice of endocrinology. The Plaintiff's treating physician has specifically opined that the Plaintiff is disabled.

7. The Policy (which the Defendant has acknowledged, in writing, is an individual disability income policy and thus not an ERISA plan or part of an ERISA plan) defines total disability or totally disabled as "sickness or injury (that) makes you unable to engage in your regular occupation". The Policy defines residual disability or residually disabled as "that although you are engaging in an occupation, injury or sickness causes you to earn at least 20% less than your base earnings." Dr. Davidson's "regular occupation" at the time that he purchased the policy at issue was that of a practicing endocrinologist, caring for patients in the office and hospital setting.

8. The Defendant paid residual disability benefits to the Plaintiff in response to a claim that he submitted for a short period of time. After that, the Defendant refused to pay benefits based upon earnings that Dr. Davidson received by engaging in work other than work done as part of his "regular occupation" (i.e.: a practicing endocrinologist).

9. The Defendant has completely ignored the fact that the Plaintiff also purchased a Regular Occupation Rider to the Policy years ago (while he was working as a full-time clinical endocrinologist). This Rider provides as follows:

> TOTAL DISABILITY BENEFITS ARE PAYABLE IF SICKNESS OR INJURY MAKES YOU UNABLE TO ENGAGE IN YOUR REGULAR OCCUPATION. YOUR REGULAR OCCUPATION MEANS YOUR OCCUPATION WHEN DISABILITY BEGINS. TOTAL DISABILITY BENEFITS BEGIN AFTER THE ELIMINATION PERIOD AND **ARE PAYABLE EVEN IF YOU ARE ACTUALLY WORKING IN ANOTHER OCCUPATION.**

10. The Plaintiff was forced to stop seeing and treating patients all together in November 2006 because of his disability, and has not engaged in his "regular occupation" since that period of time.

11. Under the terms of the Regular Occupation Rider, the Plaintiff is entitled to total disability benefits under the terms of the policy at issue even though he has been – and continues to – work in another occupation.

12. Multiple written demands have been made by the Plaintiff upon the Defendant for tender of these benefits. Unfortunately, the Defendant has failed/refused to tender benefits due and owing.

13. Additionally, and incredibly, the Defendant is contending that it is owed monies from the Plaintiff for an alleged "overpayment" made to the Plaintiff under the terms of the Policy at issue.

14. The truth is that the Plaintiff does not owe any monies to the Defendant. Instead, the Plaintiff is due total disability benefits, including all applicable cost of living adjustments, from December 1, 2006 to the present date, and on a monthly basis going forward.

15. Unfortunately, the Plaintiff's medical problems (which are well documented) continue, and are not expected to improve. He remains under a physician's care. The Plaintiff remains disabled (under the terms of the Rider) today.

IV.

### CAUSE OF ACTION COUNT I: BREACH OF CONTRACT

16. Plaintiff realleges and incorporates the facts and allegations set forth above as if they were set forth at length herein in support of this Count I.

17. By failing/refusing to tender benefits properly due the Plaintiff under the terms of the Policy and the Rider as obligated the Defendant has committed a material breach of contract.

18. This material breach has proximately caused economic damages to the Plaintiff for which he now sues, to the fullest extent of the law.

19. These damages include all benefits due under the terms of the Policy and the Rider at issue, including all applicable cost of living adjustments, all reasonable and necessary attorney's fees that the Plaintiff has incurred relating to his claim for same, pre-judgment and post judgment interest at the highest rates permitted by law, and all taxable costs of court.

V.

### CAUSE OF ACTION COUNT II: BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

20. Plaintiff realleges and incorporates the facts and allegations set forth above as if they were set forth at length herein in support of this Count II.

21. As discussed herein, there is an insurance contract by and between the parties to this proceeding. This contract (the Policy and the Rider) created a duty of good faith and fair dealing on the part of the Defendant.

22. The Defendant breached this duty in certain material respects. More specifically, the Defendant breached this duty when it denied or delayed payment when liability was reasonably clear. Additionally and/or alternatively, this Defendant failed to service its insured on a reasonable basis, and failed to investigate the Plaintiff's claims thoroughly and in good faith.

23. This breach has proximately caused economic damages to the Plaintiff for which he now sues, to the fullest extent of the law.

24. These damages include all actual damages that the Plaintiff has sustained in this action (including all benefits due under the terms of the Policy and the Rider), exemplary damages in an amount deemed just and appropriate by the trier of fact, pre-judgment and post judgment interest at the highest rates permitted by law, and all taxable costs of court.

VI.

### CAUSE OF ACTION COUNT III: DECEPTIVE TRADE PRACTICES AND VIOLATION(S) OF THE TEXAS INSURANCE CODE

25. Plaintiff realleges and incorporates the facts and allegations set forth above as if they were set forth at length herein in support of this Count III.

26. By engaging in the wrongful actions and conduct described herein, the Defendant has violated Chapter 541 of the Texas Insurance Code.

27. The Plaintiff has standing to sue under this Chapter, as he is a "person" who has been injured by the Defendant's deceptive acts or practices in the business of insurance. Additionally, the Defendant is a "person" as defined in this Chapter as it is a legal entity engaged in the business of insurance.

28.     The Defendant misrepresented the benefits/advantages promised by the Policy and Rider at issue. Additionally and/or alternatively, the Defendant caused confusion and/or misunderstanding as to the goods/services to be provided; represented that the goods/services had characteristics and/or benefits that they (according to the Defendant) did not have; represented that the goods/services were of particular standard, quality, or grade when they were of another; represented that the Policy and the Rider conferred or involved rights, remedies, or obligations that, according to the Defendant, it/they did not have; misrepresented a material fact or policy provision; failed/refused to pay Plaintiff's claims without conducting a reasonable or timely investigation; failed/refused to provide a reasonable explanation in support of its delays and/or denials; and/or failed/refused to effectuate a prompt, fair, and equitable settlement when liability on the Plaintiff's claims became reasonably clear.

29.     The wrongful actions and conduct described above were a producing cause (and a proximate cause) of economic damages to the Plaintiff for which he now sues, to the fullest extent of the law. These damages include all actual damages sustained (including all proceeds due under the terms of the Policy and the Rider), additional/treble damages because the wrongful actions and conduct were committed knowingly, pre-judgment and post judgment interest at the highest rates permitted by law, all taxable costs of court, and all reasonable and necessary attorney's fees that the Plaintiff has incurred in the prosecution of this action

## VII.

### CAUSE OF ACTION COUNT IV:
### BAD FAITH

30.     Plaintiff realleges and incorporates the facts and allegations set forth above as if they were set forth at length herein in support of this Count IV.

31.  The wrongful actions and conduct of the Defendant that are described herein constitute bad faith as defined by applicable law.  The Plaintiff alleges that the Defendant delayed or denied payment on the Plaintiff's claims when liability became reasonably clear, and without any reasonable basis.  Accordingly, the Plaintiff seeks and is entitled to recover all damages available to him under applicable law, including all actual damages sustained, exemplary damages in an amount deemed just and appropriate by the trier of fact, pre-judgment and post judgment interest at the highest rates permitted by law, and all taxable costs of court.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Jaime Davidson, M.D. respectfully prays that this Petition be received and filed and, upon final trial of this cause, that he have and recover from and against Defendant Metropolitan Life Insurance Company d/b/a MetLife all of the relief prayed for herein and for such further relief, both at law and in equity, to which he may show himself justly entitled

Respectfully submitted,

**FEE, SMITH, SHARP & VITULLO, L.L.P.**

_____
**HOWARD J. KLATSKY**
State Bar No. 00786024
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
(972) 934-9100
(972) 934-9200 [Fax]

**ATTORNEY FOR PLAINTIFF**

# CIVIL COVER SHEET    3-09CV0281-G

JS 44  (Rev. 12/07)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Jaime Davidson, M.D.

**DEFENDANTS** Metropolitan Life Insurance Company

(b) County of Residence of First Listed Plaintiff  **Dallas**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  NY / FLA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**RECEIVED FEB 12 2009 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS**

(c) Attorney's (Firm Name, Address, and Telephone Number)
Fee, Smith, Sharp & Vitullo, LLP.
13155 Noel Road, St. 1000
Dallas, TX 75240

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☒ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332(a)
Brief description of cause:
Breach of contract, Breach of duty of good faith/fair dealing, DTPA, Bad Faith

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  2/11/09
SIGNATURE OF ATTORNEY OF RECORD  [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____